IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEVIN WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BERMUDA RUN CC, LLC, and | ) | 1:17CV512 |
| JAY CHRISTMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a Motion to Dismiss [Doc. #13] pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Bermuda Run CC, LLC ("BRCC") and a Partial Motion to Dismiss [Doc. #18] pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Jay Christmas. For the reasons explained below, BRCC's Motion [Doc. #13] will be granted in that the assault and negligent retention and supervision claims against it will be dismissed with prejudice pursuant to Plaintiff Kevin Watkins' concession [Doc. #21]. Mr. Christmas' Motion [Doc. #18] will be granted in part and denied in part in that the Title VII claim against him will be dismissed with prejudice pursuant to Mr. Watkins' concession [Doc. #20] and will otherwise be denied as to the battery[1] claim against him.

At the time of the incidents giving rise to this lawsuit, Mr. Watkins was an

---

[1] For the reasons explained infra, the claim that remains against Mr. Christmas is one for battery and not assault as it is titled in the Complaint.

employee of BRCC in Bermuda Run, North Carolina. (Am. Compl. [Doc. #12] ¶ 18.) According to the Complaint, while employed by BRCC as a server in the dining area, Mr. Watkins was continually sexually harassed by Mr. Christmas, the head chef. (Id. ¶¶ 18-20, 23, 25-26, 28.) Mr. Watkins alleges that Mr. Christmas began making "sexual, lewd, and unwanted comments" towards him beginning in or about July 2015 and that the harassment continued through December 2015. (Id. ¶¶ 19, 22.) After the initial incident, Mr. Watkins confronted Mr. Christmas telling him that the comments were "unwanted and inappropriate." (Id. ¶ 21.) In spite of this, the harassment continued. (Id. ¶ 22.) In August 2015, the following incident occurred:

> Christmas approached Plaintiff during work hours on the BRCC facility grounds. Plaintiff was plugging in an electrical cord and Christmas approached Plaintiff and said "while you're down there, why don't you plug this into your mouth?" Christmas was pointing to his penis when this comment was made.

(Id. ¶ 23.) After the August 2015 incident, Mr. Watkins again confronted Mr. Christmas and told him that such behavior must stop. (Id. ¶ 24.) The harassment culminated with a series of events on December 3, 2015. On that date, Mr. Christmas (1) approached Mr. Watkins from behind, put his hand on Watkins' shoulders, and forced his knee between Plaintiff's buttocks, (2) made lewd comments about Mr. Watkins' anus in front of another coworker, and (3) again approached Mr. Watkins from behind and grabbed his buttocks. (Id. ¶¶ 25, 26, 28.) According to the Complaint, Mr. Christmas' "lewd, suggestive, and sexual comments" were heard by other employees of BRCC. (Id. ¶ 37.)

2

After the events of December 3, 2015, Mr. Watkins informed BRCC management of what had transpired.  (Id. ¶¶ 30, 31.)  According to the Complaint, the General Manager of BRCC told Mr. Watkins that BRCC wanted him to be "made whole."  (Id. ¶ 32.)  The Manager agreed to allow Mr. Watkins to transfer, so he did not have to work in close proximity with Mr. Christmas.  (Id. ¶ 33.)  Ultimately, BRCC was unable to transfer Mr. Watkins to another property, but they did give him two paid days off to "recover from the trauma" of December 3.  (Id. ¶¶ 34, 35.)  Mr. Christmas was allowed to continue his supervisory role at BRCC despite the allegations of sexual harassment.  (Id. ¶ 38.)

As a result of these events, on March 21, 2016, Mr. Watkins filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  (Id. ¶ 8.)  On February 2, 2017, the EEOC issued a Notice of Right to Sue.  (Id. ¶ 9.)  On May 3, 2017, Mr. Watkins filed the present action in the General Court of Justice, Superior Court Division, Davie County, alleging three causes of action against BRCC, Christmas, and Chessie Ventures, Inc.[2]  (See Compl.)  Notice of Removal was filed on June 7, 2017, by Mr. Christmas.  [Doc. #1.]  Two weeks later, an Amended Complaint was filed removing Defendant Chessie Ventures, Inc. from this action.  [Doc. #12.]  Accordingly, only BRCC and Mr. Christmas remain as defendants.  The Amended Complaint alleges (1) sexual harassment/hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") against both Defendants, (2) assault against both Defendants,

---

[2] Case No. 17CVS189.

and (3) negligent retention and supervision against BRCC.

On July 12, 2017, BRCC filed a Motion to Dismiss [Doc. #13] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Mr. Christmas filed a Partial Motion to Dismiss [Doc. #18] pursuant to Federal Rule of Civil Procedure 12(b)(6). BRCC moved to dismiss the claims of assault and negligent retention and supervision against it, and Mr. Christmas moved to dismiss the Title VII and assault claims against him. On August 2, 2017, Mr. Watkins filed Responses to both Motions to Dismiss. [Docs. #20, 21.] In his first Response, Mr. Watkins conceded that the Title VII claim against Mr. Christmas "[is] not rightly relevant to Defendant Christmas individually" and should be dismissed. [Doc. #20 at 1.] Further, Mr. Watkins conceded that both the assault and negligent supervision and retention claims "are rightly dismissed solely for Defendant BRCC." [Doc. #21 at 1.] Thus, the only claims remaining are the Title VII claim against BRCC and the assault claim against Mr. Christmas. The sole issue to be addressed is Mr. Christmas' Motion to Dismiss the assault claim.

Before addressing Mr. Christmas' Motion, the Court must assess jurisdiction. Federal courts are "courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). When a pendent state law claim, like assault, is presented to a federal court in conjunction with a federal question claim, the federal court has supplemental jurisdiction to hear the pendent state law claim if it forms "part of the same case or controversy" as the federal claim. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006) (quoting White v. Cnty. of

4

Newberry, 985 F.2d 168, 171 (4th Cir. 1993)); 28 U.S.C. §§ 1331, 1367. Whether or not a federal law claim and a state law claim form part of the same case or controversy "is determined by whether they derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 615 (4th Cir. 2001).

Mr. Watkins' Title VII claim against BRCC arises under federal law and this Court has federal question jurisdiction over that claim. 28 U.S.C. § 1331. Mr. Watkins' assault claim is a state law cause of action, and this Court has jurisdiction over it if supplemental jurisdiction is proper. Here, Mr. Watkins' state law claim alleges that Mr. Christmas, his supervisor at BRCC, harassed him verbally and physically several times over the span of six months, at his workplace. These same allegations form the basis of his Title VII claim against BRCC. Thus, because the claims "derive from a common nucleus of operative fact," Mr. Watkins' assault claim arises from the "same case or controversy" as the underlying Title VII claim and supplemental jurisdiction exists. See, e.g., Johnson v. Paramont Mfg., LLC, No. 1:05CV79, 2006 WL 2711830, at *4 (W.D. Va. Sept. 21, 2006) (holding that supplemental jurisdiction existed over state law claims of battery, wrongful discharge, and tortious interference with a contract in a Title VII case because claims formed part of the same case or controversy).

Having found jurisdiction proper, the Court next turns to Mr. Christmas' Motion to Dismiss the remaining claim against him. "A motion to dismiss under

5

Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Though Mr. Watkins' termed his claim "assault," this Court will also address the associated tort of battery.

> Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the 12(b)(6)] standard. Even where such a label reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of legal theory will not prejudice the opposing party. All that is required is that the pleaded claim afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.

Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995) (holding that district court incorrectly dismissed claim at 12(b)(6) stage where plaintiff labeled claim "sexual molestation" but plead a claim for battery). Assault and battery are two separate

common law actions that "go together like ham and eggs." McCracken v. Sloan, 252 S.E.2d 250, 252 (N.C. App. 1979). "An action for assault protects an individual's interest in freedom from apprehension of a harmful or offensive contact while an action for battery protects an individual's interest in freedom from intentional and unpermitted contacts with his person." Burwell v. Giant Genie Corp., 446 S.E.2d 126, 128 (N.C. Ct. App. 1994). "The elements of assault are intent, offer of injury, reasonable apprehension, apparent ability, and imminent threat of injury." Hawkins v. Hawkins, 400 S.E.2d 472, 475 (N.C. Ct. App. 1991). Whereas, "[a] battery is made out when the person of the plaintiff is offensively touched against his will." Ormond v. Crampton, 191 S.E.2d 405, 410 (N.C. Ct. App. 1972). Both assault and battery have the requirement of intentional conduct on the part of the defendant. Id.

Here, Mr. Watkins alleges that Mr. Christmas assaulted him by both (1) placing his knee in his buttocks and (2) grabbing his buttocks – both without his consent. (Compl. ¶¶ 47, 48.) These incidents occurred after Mr. Watkins explicitly told Mr. Christmas that this conduct was unwanted. (Id. ¶¶ 21, 24.) By asserting that, after Mr. Watkins told him to stop such behavior, Mr. Christmas both "forced his knee between Mr. Watkins' buttocks" and grabbed Mr. Watkins' buttocks on another occasion, Mr. Watkins has plead sufficient facts to state a claim for battery. Mr. Christmas also generally asserts a statute of limitations defense to all claims. ([Doc. #18] at 12.) However, in North Carolina, the statute of limitations for both assault and battery is three years. N.C. Gen. Stat. § 1-52

(19). As the Complaint was filed within two years of the alleged incidents occurring, the statute of limitations has not run and this defense does not apply. Accordingly, Mr. Christmas' Motion [Doc. #18] will be denied as to this claim.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant Bermuda Run CC, LLC's Motion to Dismiss [Doc. #13] is **GRANTED** in that the assault and negligent retention and supervision claims against it are **DISMISSED WITH PREJUDICE** pursuant to Plaintiff Kevin Watkins' concession [Doc. #21]. **IT IS FURTHER ORDERED** that Defendant Jay Christmas' Partial Motion to Dismiss [Doc. #18] is **GRANTED IN PART AND DENIED IN PART** in that the Title VII claim against him is **DISMISSED WITH PREJUDICE** pursuant to Plaintiff Kevin Watkins' concession [Doc. #20] and otherwise **DENIED** as to the battery claim against him.

This the 12th day of January, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge